# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN DANIELS, | No. 3:18-CV-2199 |
| Plaintiff. | (Judge Brann) |
| v. | |
| SUPERINTENDENT KAUFFMAN, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 15, 2020

## I.   BACKGROUND

Plaintiff Shawn Daniels ("Daniels"), a state inmate formerly incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983, on November 3, 2018, naming as Defendants the following individuals:  Superintendent Kauffman ("Kauffman"); Deputy Waters ("Waters"); and Corrections Officers Johnston, Barnett, Williams, Rossman, Butler, and Burk.[1]

On July 1, 2019, Defendants moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Daniels' complaint.  On March 13, 2020, the Honorable James M. Munley, to whom this matter was previously assigned, granted

---

[1]   Doc. 1.

1

Defendants' motion to dismiss with prejudice with respect to the Fourth and Eighth Amendment claims and the conspiracy claims lodged against all Defendants, and the First Amendment claims against Defendants Kauffman and Waters. The First Amendment right to communicate and access to the courts claims were dismissed without prejudice and Daniels was afforded the opportunity to amend the claims.[2] He was cautioned that his failure to amend the claims would convert the dismissal of those claims into a dismissal with prejudice. In accordance with the Memorandum and Order, he filed an amended complaint alleging Defendants Barnett, Williams and Rossman denied him access to the courts in violation of the First Amendment.[3] He did not amend his right to communicate claim.

Defendants' now move to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] Daniels has failed to oppose the motion. For the reasons set forth below, Defendants' motion will be granted, and Daniels' amended complaint will be dismissed with prejudice. Additionally, the dismissal of the First Amendment right to communicate claim will be converted to a dismissal with prejudice.

---

[2]   Doc. 57.
[3]   Doc. 61.
[4]   Doc. 62.

## II. ALLEGATIONS OF AMENDED COMPLAINT

Under the heading "Access Claim, under the 1st Amendment," Daniels alleges that, while housed at SCI-Huntingdon and assigned to Unit CB, he possessed legal aid booklets and drafted a "complaint and starting papers notes."[5] He states that "due to no ethical reason or policy" these personal papers were stolen by Defendants Barnett, Williams, and Rossman. He further states "so in persuant [sic] to file a complaint against these said officers I failed to bring claim only because all legal papers were taken and ultimately it stoped [sic] me from getting it correctly and percisely [sic] to the courts."[6] He alleges that his claim would have required him to gather information and without a copy of his complaint and notes, he was unable to draft a sufficient and concise complaint for the court.[7] The only relief he requests is injunctive relief.[8]

## III. INJUNCTIVE RELIEF

Daniels seeks injunctive relief based on an alleged constitutional violation that occurred at SCI-Huntingdon at the hands of prison officials employed at that institution. However, he is no longer incarcerated at that facility. He is now housed at the State Correctional Institution at Waymart, Pennsylvania.

---

[5]   Doc. 61, p. 2.
[6]   *Id.*
[7]   *Id.* at 2, 3.
[8]   *Id.* at 2.

3

The "rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."[9] Where a plaintiff seeks injunctive relief for prison conditions that he is no longer subject to, as is the case here, there is no longer a live controversy and a court cannot grant that injunctive relief.[10] Therefore, Daniels' amended complaint, in which he only seeks injunctive relief, is rendered moot.

Despite this deficiency, I will consider the merits of Defendants' motion to dismiss.

## IV. RULE 12(b)6 STANDARDS OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[11] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[12] A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[13]

---

[9] *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974).
[10] *See Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993).
[11] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[12] *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)).
[13] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[14]

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.[15]

Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.[16] At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly

---

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").
[15] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted).
[16] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

fanciful."[17] Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

## V. ANALYSIS

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.[19] The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....[20]

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[21] Thus, §1983 limits liability to persons who violate constitutional rights.

It is well-settled that "prisoners have a constitutional right of access to the courts."[22] Prisoners are not necessarily "capable of filing everything" but have a

---

[17] *Id.* at 681.
[18] *Id.*
[19] *See* 42 U.S.C. § 1983
[20] *Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).
[21] *West v. Atkins*, 487 U.S. 42, 48 (1988).
[22] *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

right of access to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."[23] The right "must be adequate, effective and meaningful and must be freely exercisable without hindrance or fear of retaliation."[24]

Because an access to the courts claim "is ancillary to the underlying claim," a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that was lost.[25] The complaint "must describe the underlying claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'"[26] "[A]n inmate must allege actual injury, such as the loss or rejection of a legal claim."[27]

Daniels alleges that, without any reason or justification, Defendants Barnett, Williams and Rossman stole his complaint, notes, and legal aid booklets. Such scant and vague allegations are insufficient to plead a denial of access to courts claim. The amended complaint is devoid of any facts or description of the merits of a nonfrivolous or arguable underlying claim or a lost remedy. Also absent from the complaint is an identifiable actual injury. Because he has not alleged any facts

---

[23] *Lewis v. Casey*, 518 U.S. 343, 355 (1996).
[24] *Milhouse v. Carlson*, 652 F.2d 371, 374 (3d Cir.1981) (internal citations omitted).
[25] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3).
[26] *Id.* at 416-18.
[27] *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir. 1997) (citing *Lewis*, 518 U.S. 343).

concerning the merits of his underlying claims, or indicate that he suffered an actual injury, he fails to state a First Amendment denial of access to the courts claim.[28]

A plaintiff should generally be given leave to amend a complaint subject to dismissal for failure to state a claim unless doing so would be futile.[29] Daniels has been provided the opportunity to amend and, even with the benefit of the Court's prior opinion pointing out the deficiencies, he has not been able to state a plausible access to courts claim. Additionally, he failed to oppose Defendants' motion to dismiss. Consequently, it would be futile to permit him another opportunity to amend.

## VI. CONCLUSION

Based on the above, Defendants' motion to dismiss Daniels' amended complaint will be granted and the dismissal of the First Amendment right to communicate claim, set forth in the original complaint, will be converted to a dismissal with prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[28] *See Presbury v. Wetzel*, 789 F. App'x 294, 295 (3d Cir. 2020); *Heath v. Link*, 787 F. App'x 133, 136 (3d Cir. 2019).
[29] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).